UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PRISCILLA COLEMAN,<br><br>                                    Plaintiff,<br><br>v.<br><br>MANAGEMENT & TRAINING<br>CORPORATION,<br><br>                                    Defendant. | Case No.:  26-cv-02820-JO-JLB<br><br>**ORDER DENYING PLAINTIFF'S<br>MOTION FOR RECUSAL**<br>**[ECF No. 15]** |

Pending before the Court is Plaintiff Priscilla Coleman's Motion for Recusal of Magistrate Judge Jill L. Burkhardt.  (ECF No. 15.)  Specifically, Ms. Coleman seeks recusal because the Court's handling of a status conference on June 8, 2026 "caused her to question whether her concerns were being fairly considered and whether future proceedings before Magistrate Judge Burkhardt would appear impartial." (*Id*. at 2)

**I.      PROCEDURAL BACKGROUND**

On May 27, 2026, Plaintiff Priscilla Coleman filed a Notice Regarding Rule 26(f) Conference.  (ECF No. 12.)  By this filing, Ms. Coleman advised the Court that Defendant Management & Training Corporation had failed to respond to Plaintiff's communications regarding conducting a Rule 26(f) conference and had not yet responded to discovery that was propounded before the case was removed from state court to federal court.  The Court set the matter for a video status conference on Monday, June 8, 2026.

1

Plaintiff and Defendant, through counsel Tim Keegan, appeared by video at the status conference. Mr. Keegan acknowledged that he had failed to comply with the Court's order regarding participation in a Rule 26(f) conference. He indicated that there may have been some confusion about the obligation to meet the obligations set forth in the Court's May 8, 2026, order because of the transfer of the case between judges. The Court consulted the docket and advised Mr. Keegan that the change of judges only affected the District Judge assignment, not the Magistrate Judge assignment, and the Court's order was not impacted.

Ms. Coleman had an opportunity to be heard. She reiterated that she had endeavored to comply with the Court's order and that Mr. Keegan had not been responsive. Ms. Coleman also noted that she had had very little notice of the status conference because, unlike Defendant, she gets notices by mail and had only received this notice the Saturday before the Monday matter. Mr. Keegan offered to forward electronic notices of docket entries to Ms. Coleman. Ms. Coleman responded that she was well able to monitor court proceedings by regularly checking the docket. The Court shared the Court's interpretation of Mr. Keegan's offer—that he was endeavoring to alleviate the delay in Ms. Coleman's receipt of notifications—and commented that the Court thought it was a considerate offer to make. Ms. Coleman respectfully declined the offer.

Mr. Keegan assured the Court that he was now in communication with Ms. Colemen and they were scheduled to hold a Rule 26 Conference. The Court lightly admonished Mr. Keegan to be more careful in the future about the Court's orders and deadlines and to be more diligent about responding to Ms. Coleman when she tried to communicate with him. He assured the Court of his commitment to doing both. The Court was satisfied with Mr. Keegan's response.

## II.    PLAINTIFF'S ARGUMENT

Plaintiff has concerns about the Court's conduct of the status conference. Specifically, Ms. Coleman "understood the Court's response as shifting the focus away from the reason the conference had been scheduled," which was Defendant's failure to

26-cv-02820-JO-JLB

comply with its Rule 26 obligations and communicate with Plaintiff. (*Id*. at 2.) Plaintiff was left feeling that "her concerns regarding opposing counsel's conduct were not given the same consideration as opposing counsel's explanations." (*Id*.) Finally, Ms. Coleman "believes that the circumstances described above have caused her to question the appearance of impartiality in future proceedings before Magistrate Judge Burkhardt." (*Id*.)

## III.   LEGAL STANDARD

Pursuant to 28 U.S.C § 455(a), "[a]ny justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." Thus, a federal judge should disqualify herself, "if a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." *Sakellar v. Lockheed Missiles and Space Co.*, 765 F.2d 1453, 1457 (9th Cir.1985). "Since a federal judge is presumed to be impartial, the party seeking disqualification bears a substantial burden to show that the judge is biased." *Perry v. Schwarzenegger*, 790 F. Supp. 2d 1119, 1129 (N.D. Cal. 2011) (quoting *Torres v. Chrysler Fin. Co.*, No. C 07–00915 JW, 2007 WL 3165665, at *1 (N.D. Cal. Oct. 25, 2007)). Moreover, "a federal judge has a duty to sit where not disqualified which is equally as strong as the duty to not sit where disqualified." *Laird v. Tatum*, 409 U.S. 824, 837 (1972).

## IV.   ANALYSIS

This Court strives to conduct hearings and status conferences in such a way that each litigant feels heard and is left with confidence in the impartiality of the Court. That objective was not achieved in this instance, where Plaintiff was left feeling unheard and feeling like her position was not given fair consideration. For that the Court is regretful.

That being said, the Court has an obligation to "sit where not disqualified." In this case, the Court cannot conclude that "a reasonable person with full knowledge of the facts" would reasonably question the Court's impartiality. The Court, at the proceeding in question, heard from both sides. The Court was respectful to both sides. The Court addressed the concerns raised by the Plaintiff in her Notice Regarding Rule 26(f) Conference. The Court endeavored to respond in a measured and proportional way to

Defendant's confessed failures to comply with the Court's order and to communicate in a timely fashion with Plaintiff.  Plaintiff perceived the Court to have "minimize[ed] the conduct that led to the conference."  And Plaintiff takes issue with the Court characterizing Defendant's offer to send Plaintiff courtesy emails of docketing notifications as considerate.  The Court recognizes Plaintiff's displeasure with the proceeding and the basis for it.  However, the Court's handling of the status conference, even as described by Plaintiff, cannot reasonably be considered to reflect bias.

Nothing about this status conference creates the appearance of impropriety, nor might the Court's impartiality reasonably be questioned based upon how this status conference was conducted.

Therefore, Plaintiff's Motion for Recusal is **DENIED**.

**IT IS SO ORDERED**.

Dated:  June 12, 2026

_____
Hon. Jill L. Burkhardt
United States Magistrate Judge

26-cv-02820-JO-JLB